IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>HARRY MORALES HERNANDEZ<br>JOCABED RODRIGUEZ TOSCA<br><br>Debtor | CASE NO. 15-02109 BKT<br>Chapter 13 |
| HARRY MORALES HERNANDEZ<br>JOCABED RODRIGUEZ TOSCA<br><br>Plaintiffs<br><br>vs.<br><br>BANCO POPULAR DE PUERTO RICO<br>POPULAR MORTGAGE, INC., ET AL.<br><br>Defendants | Adversary No. 15-00162 BKT<br><br><br><br><br>FILED & ENTERED ON 03/18/2016 |

## OPINION AND ORDER

Before this Court is the *Motion for Summary Judgment* filed by Plaintiffs, Harry Morales Hernandez and Jocabed Rodriguez Tosca (collectively "Plaintiffs") [Dkt. No. 18], *Banco Popular's Opposition to Motion for Summary Judgment* filed by Banco Popular de Puerto Rico ("Defendant") [Dkt. No. 20], the *Sur-reply to Defendant's Answer to Summary Judgment* filed by Plaintiffs [Dkt. No. 31], and the *Motion in Support of BPPR's Opposition to Motion for Summary Judgment* filed by Defendant [Dkt. No. 33]. For the reasons set forth below, *Plaintiffs Motion for Summary Judgment* is DENIED.

1

## I.    Factual Background

This adversary proceeding stems from a voluntarily petition filed under chapter 13 of the Bankruptcy Code by Plaintiffs, Harry Morales Hernandez and Jocabed Rodriguez Tosca.

Plaintiffs are the owners of a residential real property located at La Estancia Calle 5 of Barrio Rio in the municipality of Las Piedras, Puerto Rico (hereinafter "Property"). On May 31, 2008, Plaintiffs acquired the aforementioned Property from Palma Royale Corporation through a deed of sale (hereinafter "Deed of Sale"). On that same date, Plaintiffs signed a mortgage deed (hereinafter "Mortgage Deed") granting Defendant the right to retain a lien on the Property in exchange for a loan in the principal amount of $165,000.00 at an interest rate of 7.875% for 30 years. On June 24, 2008, Plaintiffs filed their Deed of Sale and Mortgage Deed at the Registry of Property. Afterwards, on August 8, 2012, Defendant filed a deed of modification and partial cancellation of mortgage (hereinafter Deed of Partial Cancellation) for the new principal amount of $163,333.82 with a variable interest rate. Finally, on March 24, 2015, Plaintiffs filed their Homestead Exemption.

On January 8, 2013, both the Deed of Sale and the Deed of Partial Cancellation (collectively "Deeds") were notified of certain defects. However, on February 27, 2013, the respective reconsideration writs were filed. To this day, all of the aforementioned documents, including the Deed of Sale and the Mortgage Deed, remain pending registration, notwithstanding the fact that some of them were filed years ago.

On March 24, 2015, Plaintiffs filed for relief under chapter 13 of the Bankruptcy Code. Shortly thereafter, on May 1, 2015, Defendant filed a proof of claim (hereinafter "Claim") for $159,615.64 in debt putatively secured by the aforementioned Deeds. In response, Plaintiffs filed

2

the present adversary proceeding asserting Defendant's interest in the Property is unsecured as the Deed of Sale, the Mortgage Deed, and Deed of Partial Cancellation were not duly registered at the time of the filing of their bankruptcy petition.[1] Plaintiffs seek a judgment: (1) determining Defendant does not have a perfected lien in the Property;[2] (2) declaring said lien cannot be perfected; and (3) determining Defendant's interest in the Property is unsecured. For the following reasons, this Court rejects the Plaintiffs' contentions and, thus, DENIES summary judgment.

---

[1] In *Banco Popular's Answer to Complaint*, Defendant accepted the following allegations:

> 19. At the time of the filing of the petition by debtors, the property was not encumbered by a mortgage deed in favor of Banco Popular/Popular Mortgage, Inc. The mortgage deed has not been registered and accordingly, under applicable Puerto Rico Mortgage Law, B.P.P.R. does not hold a secured lien. (citations omitted).

> 20. Consequently, even if the mortgage is only presented and it has not been registered as required, this mortgage cannot be executed as a secured claim against a property. Under the Puerto Rico state's law, the validity of the lien as a secured claim against property depends on the final registration by the City Registrar. State law requires that for a mortgage to exist it must be registered at the Registry of Property. (citations omitted).

> 21. In sum, since the faults have not been corrected at the time of the filing of the petition under the Bankruptcy Code, 11 U.S.C. section 362 impedes its later correction, and thus, the lien was not and cannot be corrected.

*Banco Popular's Answer to Complaint*, ¶¶19-21.

However, the Defendant, on its *Motion in Support of BPPR's Opposition to Motion for Summary Judgment*, stated: That Plaintiff has stated once again that BPPR accepted that the lien can [sic] not be perfected as a "fact" in this case. That is a misinterpretation of the answer to the complaint and the motion for summary judgment. It is hereby clarified and stated that BPPR does not accept Plantiff's statement. BPPR has stated that the mortgage has been presented and pending recordation. Applicable law was included in the answer to the complaint and the opposition to the motion for summary judgment.

*Motion in Support of BPPR's Opposition to Motion for Summary Judgment*, ¶ 7.

[2] In their *Motion for Summary Judgment*, Plaintiffs seek a determination that Defendant does not have a perfected lien against Plaintiff's Property. However, after carefully examining applicable bankruptcy law, we conclude that the correct approach to this issue is to determine whether the Defendant has an "interest in property" excepted from the automatic stay and the trustee's avoiding powers, pursuant to §§ 362(b)(3) and 546(b)(1)(A).

## II. Standard of Review

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). Pursuant to Fed. R. Civ. P. 56(c), made applicable in bankruptcy by Fed. R. Bankr. P. 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the Movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it could potentially affect the outcome of the suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388.

Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of

4

Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the non Movant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991). These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990). The evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id.; see also Horta v. Sullivan, 4 F.3d 2, 7-8 (1st Cir. 1993) (holding that the materials attached to the motion for summary judgment must be admissible and usable at trial). "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005).

### III.    Legal Analysis

The main issue before the court is whether a filed but unrecorded mortgage deed can be treated as a secured claim in a bankruptcy proceeding. This controversy is governed by 11 U.S.C. §§ 362(a)-(b), 546(b)(1)(A).

The automatic stay is among the most fundamental protections afforded to debtors in the Bankruptcy Code. 11 U.S.C. § 362(a); In re 229 Main St. v. Massachusetts, 262 F.3d 1, 3 (1st.Cir. 2001). "It is intended to give the debtor breathing room by stopping all collection efforts," enabling him/her to resolve his/her debts "in a more orderly fashion." In re Soares, 107 F.3d 969, 975 (1st.Cir. 1997). The stay operates immediately upon the filing of the bankruptcy petition and remains in force until a bankruptcy court either lifts it or disposes of the case. Id. As a general rule, the stay bars creditors from performing "any act to create, perfect or enforce any

5

lien against property of the estate." 11 U.S.C. § 362(a)(4). "While the automatic stay is an important part of the bankruptcy protection framework, it is not an absolute." 229 Main St., 262 F.3d at 3. The Bankruptcy Code authorizes exceptions to the automatic stay. 11 U.S.C. § 362(b). Pertinent to the instant case, section 362(b)(3) provides:

> *The filing of a petition* under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, *does not operate as a stay—*
> (3) *under subsection (a) of this section, of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title* or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title.

Id. § 362(b)(3) (emphasis added). On its part, companion statute § 546(b)(1) provides that the avoiding powers of a trustee under §§ 544, 545 and 549 of the Bankruptcy Code:

> are subject to any generally applicable law that--
> (A) permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; or
> (B) provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation.

11 U.S.C. § 546(b)(1). The "interest in property" referred to in the aforementioned section "must arise and exist pre-petition." 5 Collier on Bankruptcy ¶ 546.03[4]. "However, as of the commencement of the bankruptcy case, it may be unperfected." Id. "[P]ostpetition perfection and maintenance or continuation of perfection authorized under section 546(b) do not violate the automatic stay [and, therefore,] may be accomplished without obtaining relief from the stay." Id. at 546.03[5]. The purpose of this section is to "protect, in spite of the surprise intervention of a bankruptcy petition, those whom state law protects by allowing them to perfect their liens or

interests as of an effective date that is earlier than the date of perfection." H.R.Rep. No. 95-595 at 371-372 (1978); 229 Main St., 262 F.3d at 9-10. Furthermore, "the gist of section 546(b)(1)(A) is that 'the filing of a bankruptcy petition does not prevent the holder of an interest in property from perfecting its interest if, absent the bankruptcy filing, the interest holder could have perfected its interest against an entity acquiring rights in the property before the date of perfection.'" 229 Main St., 262 F.3d at 12 (citing 5 Collier on Bankruptcy ¶ 546.03[2][a]). "[T]he federal bankruptcy court should take whatever steps are necessary to ensure that the mortgagee is afforded in federal bankruptcy court the same protection he would have under state law if no bankruptcy had ensued." Butner v U.S., 440 U.S. 48, 56 (1979).

Under §§ 362(b)(3) and 546(b)(1)(A), "interest in property" is a statutory term that must be constructed according to federal law. Soto Rios v. Banco Popular, 662 F.3d 112, 117 (1st.Cir. 2011). However, "local law ordinarily dictates the existence and extent of an entity's interest in property. Id.; 229 Main St., 262 F.3d at 6; Butner, 440 U.S. at 55. In 229 Main Street,[3] the First Circuit Court of Appeals determined that "[e]ligibility for the [§ 362(b)(3)] exception to the

---

[3] In 229 Main Street, the First Circuit Court of Appeals dealt with the controversy of "whether the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a) prevent[ed] a state from simultaneously creating and perfecting an environmental superlien on a debtor's property after the institution of a bankruptcy proceeding." 229 Main St., 262 F.3d at 2. In said case, the debtor leased its property to a dry cleaning business for many years. Id. As a result, the Property became contaminated, representing a direct threat to the town's drinking water. Id. at 2-3. To forestall this imminent damage to the community, the Commonwealth of Massachusetts (hereinafter Commonwealth) performed and financed the necessary cleanup activities. Id. In accordance with state law, specifically Mass. Gen. Laws ch. 21E, § 13 [hereinafter superlien statute] the Commonwealth sought reimbursement of these expenses from the debtor, informed him of its intention to record a lien against its property to secure present and future cleanup costs, and initiated the corresponding administrative proceedings to record said lien. Id. Seeking for the automatic stay protection, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code, as a maneuver to avoid the perfection of the lien. Id. However, the administrative officer ruled in favor of the Commonwealth, "that the environmental superlien statute fell within an exception to the automatic stay and refuse to adjourn the administrative proceeding." Id. The debtor then sought for the bankruptcy court to hold the Commonwealth in contempt for violating the stay. Id. The bankruptcy court rejected the debtor's request. The district court held "the automatic stay did not preclude the continuation of the proceedings necessary to perfect the Commonwealth's environmental superlien." Id.; see In re 229 Main St. Ltd. P'ship v. Mass. Dep't of Envt'l Prot., 251 B.R. 186,193 (D. Mass. 2000), aff'd, 262 F.3d 1 (1st Cir. 2001). The First Circuit Court of Appeals affirmed, on appeal.

automatic stay depends upon the existence *vel nom* of three elements: . . . (1) an 'act to perfect' (2) an 'interest in property' (3) under circumstances in which the perfection-authorizing statute fits within the contours of section 546(b)(1)(A)." 229 Main St., 262 F.3d at 4. The 229 Main St. court, interpreting the term "interest in property" as contained in 11 U.S.C. § 362(b)(3), held it "unequivalent to, and broader than, the term 'lien.'" 229 Main St., 262 F.3d at 6. In arriving at this conclusion, the 229 Main St. court recognized that Congress is familiarized with the term lien, since it is a word commonly used in the Bankruptcy Code and noted "that 'where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" Id. at 5. Finally, the 229 Main St. court concluded that for a creditor to reach § 546(b)(1)(A) haven, the following elements must concur: "(1) the creditor must act pursuant to a law of general applicability; (2) that law must allow the creditor to perfect an interest in property; and (3) such perfection must be effective against previously acquired right in the property." 229 Main St., 262 F.3d at 10; Soto Rios, 662 F.3d at 116.

In the instant case, Plaintiffs argue that due to the lack of recordation of the Deeds, Defendant does not hold a perfected lien against its Property. Based on this sole premise, and without citing any federal bankruptcy authority aside from § 362(b), they contend that Defendant enjoys no more than an unsecured claim against the estate. Plaintiffs' assertions depart from the general rule that once the bankruptcy petition is filed, the automatic stay bars creditors from creating, perfecting, or enforcing any lien against property of the estate. 11 U.S.C. § 362(a)(4). However, they seem to ignore the exceptions to this general rule contained in § 362(b)(3) and complemented by § 546(b)(1)(A). Specifically, § 362(b)(3) excepts from the automatic stay "any

8

act to perfect, or to maintain or continue the perfection of an interest in property," so long as such interest complies with § 546(b). To analyze both of the aforementioned sections, we must first understand the proper construction of the term "interest in property." As in 229 Main St., Plaintiffs attempt to reduce the term "interest in property" to the word "lien." They seek for this Court to determine whether at the time of the filing of the bankruptcy petition the Defendant had a perfected lien on Plaintiff's Property. By proposing such narrow interpretation, they seem to lose sight of the 229 Main St. holding: "the term 'interest in property' as used in [§] 362(b)(3) is broader than the term lien." 229 Main St., 262 F.3d at 6. Therefore, the proper issue in the present case is not whether at the time of the filing of the bankruptcy petition the Defendant had a perfected lien on the Property, but whether it has a pre-petition "interest in property" pursuant to §§ 362(b)(3) and § 546(b)(1)(A). This issue was addressed in Soto Ríos v. Banco Popular, 662 F.3d 112 (1st.Cir.2011).

In Soto Ríos, the debtors executed three mortgage deeds to secure two loans. Id. at 114. The mortgagee, Banco Popular, sought to record the aforementioned deeds at the Registry of Property (hereinafter Registry). Id. Approximately three years later, the debtors filed for bankruptcy relief. Id. However, due to an administrative backlog, recordation of the three mortgage deeds was still pending. Id. In the midst of the bankruptcy proceedings, the mortgagee filed a secured proof of claim regarding the loan debts allegedly secured by the three mortgage deeds. Id. at 115. The debtors, in turn, filed an adversary proceeding seeking to avoid the mortgages under various provisions of the Bankruptcy Code, including the automatic stay. Id. Specifically, the debtors asserted that as of the commencement of the case, "a foundational prerequisite for valid constitution was not in place and therefore the mortgagee enjoyed no more

9

than a personal obligation, not an interest in property." Id. at 119.

The First Circuit Court of Appeals reaffirmed its holding in 229 Main St. "that a creditor had obtained a prepetition 'interest in property' . . . if it had incurred in a debt, had a present right to create and record a lien, and had affirmatively pursued that right via administrative channels." Soto Rios, 662 F.3d at 122; see 229 Main St., 262 F.3d at 7. It emphasized that the task of the court "is to consider whether the 'amalgam' of circumstances, informed by all relevant aspects of Puerto Rico law, sufficed to satisfy the Bankruptcy Code's interest in property requirement." Soto Rios, 662 F.3d at 122 (citations omitted); 229 Main St., 262 F.3d at 7. Finally, the First Circuit Court of Appeals affirmed the lower court's judgment concluding the "amalgam of circumstances," as well as the Puerto Rico mortgage law, provided mortgagee with an "interest in property" excepted from the automatic stay and debtor's avoiding powers, pursuant to §§ 362(b)(3) and 546(b)(1)(A) respectively. See Soto Rios, 662 F.3d at 122-123. By doing so, the Soto Rios court refused the debtor's assertion that a filed but unrecorded mortgage should be treated as an unsecured claim, and instead allowed Banco Popular's pending recordation mortgages as secured claims.

Because "local law ordinarily dictates the existence and extent of an entity's interest in property, we now examine pertinent state law. Id.; 229 Main St., 262 F.3d at 6; Butner, 440 U.S. at 55.

The Registry of the Property[4] serves "to safeguard the certainty of the economic trade of real property." Distribuidores Gas P.R. v. Registradora, 2013 TSPR 43, 188 P.R. Dec. 351, 360

---

[4] On December 8, 2015, the Commonwealth of Puerto Rico enacted the "Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico," P. de la C 2479, 17th Leg., Reg. Sess. (P.R. 2015). However, Article 322 of said Act provides "[t]his Act will come into force ninety (90) days after its approval." Id.

10

(P.R. Apr. 10, 2013) (translation ours). Among the titles, transactions and contracts that shall be recorded in the Registry are: "[c]onstitutive, conveying, declaratory or extinguishing titles of ownership of real property or real rights." 30 L.P.R.A. § 2201. The mortgage is a real right, which as an exception, is of constitutive nature, this is, it only exists once it is recorded in the Registry. 31 L.P.R.A § 632; Junta de Retiro para Maestros v. Registrador, 9 P.R. Offic. Trans. 757, 774 (P.R. Apr. 14, 1980). However, recordation is the culmination of the process of inscription. "[T]he process of inscription begins when the mortgage deed is presented and recorded in the daily book of presentation kept by the Registrar." In re Rios, 420 B.R. 57, 70 (Bankr. D. P.R. 2009), aff'd sub nom, 662 F.3d 112 (1st Cir. 2011) (citations omitted). Puerto Rico Mortgage Law regards the filing of a deed "to be a legally significant act." Soto Rios, 662 F.3d at 121. Therefore, "[a] deed, once filed and deemed recordable, retains all effects of stated registration." Id. (citing Gasolinas P.R. v. Registrador, 2001 TSPR 158, 155 P.R. Dec. 652, 675 (P.R. Nov. 15, 2001)). Once presented before the Registry, "[t]he documents shall be registered within sixty (60) days following their presentation, or after correcting any errors that may have been indicated, or after filing the requalification writ, except for just cause that is duly justified and admitted by the Director." 30 L.P.R.A. § 2255. Furthermore, "[r]egistered titles shall become effective for third parties from the date of their registration." 30 L.P.R.A § 2256. However, "the date of their presentation shall be the decisive moment for this recordation to become effective, because the effects of recordation in the Registry are retroactive to the specific date of presentation." Rios, 420 B.R at 70, aff'd sub nom, 662 F.3d 112 (1st Cir. 2011) (citing Gasolinas P.R., 155 P.R. Dec. at 675).

11

"The Registrar shall make a notation in the Daily Book . . . of every title presented at the Registry for its registration or annotation, even though he/she may believe that the title to be presented lacks some legal requirement." 30 L.P.R.A. § 2253. Moreover, "the Registrar bears the legal obligation of 'passing judgment' on presented documents to determine whether to record them." However, a filing entry will retain its rank or priority only if it complies with the registration procedure, including the correction of notified defects. Gasolinas P.R., 155 P.R. Dec. at 678. "If the Registrar finds a defect in the document . . . he/she shall notify the presenters . . . so that they may correct the defect within a period of sixty (60) days from the date of the notice." 30 L.P.R.A. § 2272. A party unsatisfied with an unfavorable determination of the Registrar, may file a reconsideration writ. Id. at § 2273; see Luis R. Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño, 305 (3rd ed. 2012). However, "[i]f the defect is not corrected before the expiration of the sixty (60) -day period, the Registrar shall make a note of the expiration." 30 L.P.R.A § 2272. Puerto Rico Mortgage law "give[s] no indication that the mere passage of time caused by the [R]egistrar['s] delay somehow nullifies or expires the filing of the entry." Soto Rios, 662 F.3d at 122.

After analyzing pertinent local law through the prism of the Bankruptcy Code, this Court concludes that the Puerto Rico Mortgage Law does not conflict with the §§ 362(b)(3) and 546(b)(1)(A) requirements, because it is a law of general applicability, that allows the Defendant to perfect an interest in property; and further, allows such perfection to be effective against previously acquired right in the property. 229 Main St., 262 F.3d at 10; Soto Rios, 662 F.3d at 116. We hold that Defendant has a pre-petition "interest in property" excepted from the automatic stay, pursuant to § 362(b)(3) and the trustee's avoiding powers, pursuant to §

12

546(b)(1)(A).

Like the Commonwealth of Massachusetts in 229 Main St. and Banco Popular in Soto Rios, Defendant obtained a pre-petition debt owed by Plaintiffs, who consequently executed the Mortgage Deed to secure said loan in favor of Defendant. The Mortgage Deed, along with other deeds, was filed at the Registry of Property. The Deeds were notified of certain defects. However, the Defendant filed the corresponding reconsideration writs. These actions satisfied the § 362(b)(3) requirements. Defendant incurred in a debt, had a present right to create and record a lien, and affirmatively pursued that right by seeking for the recordation of its titles in the Registry of Property. Soto Rios, 662 F.3d. at 122; 229 Main St., 262 F.3d at 7. This Court acknowledges "that under Puerto Rico law recording is a 'constitutive' act for a mortgage, and without the existence of the mortgage, a creditor only has an unsecured personal obligation regarding the underlying debt." Soto Rios, 662 F.3d at 121. This Court further acknowledges that the very filing of the deeds at the Registry of the Property, "though arguably falling short from creating a mortgage lien, could create an interest in the real property superior to a later in time bona fide purchaser." Id. at 121-122. Under Puerto Rico Mortgage Law, the filing of a deed at the Registry of Property is regarded "to be a legally significant act" because the effects of recordation, once it occurs, retroact to the specific date of filing." Soto Rios, 662 F.3d at 121, Rios, 420 B.R at 70, aff'd sub nom, 662 F.3d 112 (1st Cir. 2011) (citing Gasolinas P.R., 155 P.R. Dec. at 675). By filing the deeds at the Registry of the Property, and subsequently the respective reconsideration writs, Defendant took all the necessary steps, provided by the Puerto Rico Mortgage Law, to perfect its pre-petition acquired right. Defendant filed the reconsideration writs seeking for the Registrar to reevaluate his/her determination. By filing these writs,

13

Defendant interrupted the expiration term that was running against its entry. The Registrar suspended the expiration term of the entry, allowing thus, the registration process to continue its course. These reconsideration writs now await for the Registrar to exercise his/her "legal obligation of 'passing judgment' on [them] to determine whether to record them." 30 L.P.R.A § 2267. The Registrar shall affirmatively act upon the request by either, accepting it and granting recordation; or denying it and refusing recordation. Id. at § 2273. In the instant case, however, the Registrar has not acted upon the request and all filed documents in the instant case await recordation. Furthermore, we find that pending the reconsideration request, and absent other future noticed and uncured defects, there is a fair certainty that the Deeds will be recorded. See Soto Rios, 662 F.3d at 122. Ultimately, we conclude the "amalgam of circumstances, informed by all relevant aspects of Puerto Rico law," provided Defendant with a pre-petition "interest in property" not affected by the automatic stay, pursuant to § 362(b)(3), and excepted from the debtor's avoiding powers pursuant to § 546(b)(1)(A). Soto Rios, 662 F.3d at 122 (citations omitted), 229 Main St., 262 F.3d at 10. However, our inquiry does not end here. Plaintiffs seek for this Court to determine that Defendant holds nothing more than an unsecured claim against the estate. This Court disagrees.

The United States Supreme Court holds that all federal bankruptcy courts must "take whatever steps . . . necessary to ensure that the mortgagee is afforded in federal bankruptcy court the same protection he would have under state law if no bankruptcy had ensued." Butner v. U.S., 440 U.S. 48, 56 (1979). Accordingly, we hold §§ 362(b)(3) and 546(b)(1)(A) of the Bankruptcy Code not only protect actual mortgagees, but also potential ones who satisfy the "interest in property" requirement. H.R.Rep. No. 95-595 at 371-372 (1978); see 229 Main St., 262 F.3d at 9-

14

10; see also Soto Rios, 662 F.3d at 123. The purpose of § 546(b)(1)(A) is to "protect, in spite of the surprise intervention of a bankruptcy petition, those whom state law protects by allowing them to perfect their liens or interests as of an effective date that is earlier than the date of perfection." H.R.Rep. No. 95-595 at 371-372 (1978); 229 Main St., 262 F.3d at 9-10. In the present case, absent the filing of the bankruptcy petition and pursuant to the Puerto Rico Mortgage Law, the documents that have been filed before the Registry of Property will eventually be judged by the Registrar, and absent any uncured defect, recorded. "'[T]he filing of a bankruptcy petition does not prevent the holder of an interest in property from perfecting its interest if, absent the bankruptcy filing, the interest holder could have perfected its interest against an entity acquiring rights in the property before the date of perfection.'" 229 Main St., F.3d at 12 (citing 5 Collier on Bankruptcy ¶ 546.03[2][a]).

In Soto Rios, the First Circuit Court of Appeals addressed an issue similar to the one in this matter. In said case, simply stated, the debtors argued that until the filed mortgages were fully recorded, the creditor merely had an unsecured claim against them, not a secured one. Soto Rios, 662 F.3d at 115. The First Circuit Court of Appeals rejected such contention and held that the creditor enjoyed a pre-petition "interest in property." Id. at 122. By doing so, and without addressing the specific issue of the secured status of the claim, the Soto Rios court implicitly refused the debtor's assertion that a filed but unrecorded mortgage should be treated as an unsecured claim, and instead allowed creditor's pending recordation mortgages as secured claims. See id. at 122-123. In accordance with Soto Rios, this Court holds that, under the Bankruptcy Code and the Puerto Rico Mortgage Law, a filed but unrecorded mortgage, which has a valid and unexpired entry, that has no uncured expired defects, and upon which the

15

Registrar has taken no affirmative action as to refuse or deny recordation, shall be treated, if such proof of claim is filed pursuant to § 501, as a secured claim. Simply stated, this Court holds that a perfectly filed mortgage deed, pursuant to the Puerto Rico Mortgage Law, that is pending recordation at the Registry of Property, shall be treated, upon request, as a secured claim. Deciding otherwise, would mean that "mortgage deeds which had been duly presented to the [Registry of Property] prepetition, but had not been recorded by the Property Registrar prior the filing of the bankruptcy petition would never qualify for the automatic stay exemption and would in essence make ineffective a creditor's secured interest." Rios, 420 B.R. at 70, aff'd sub nom. 662 F.3d 112 (1st Cir. 2011). Furthermore, such interpretation would provide debtors with a maneuver to avoid their creditor's secured interest. This Court rejects such contention.

After examining the pertinent state law through the prism of the Bankruptcy Code, and after determining that Defendant has a pre-petition interest in the Property, pursuant to §§ 362(b)(3) and 546(b)(1)(A), we conclude Defendant currently holds a secured Claim against the estate.

**IV.    Conclusion, Order, and Notice**

There is no dispute as to any material fact in this proceeding. Further, it is evident from the motions filed that there is no dispute that it is the Defendant, not the Plaintiffs, who is entitled to judgment as a matter of law, WHEREFORE:

IT IS ORDERED that Plaintiff's Motion for Summary Judgment shall be, and it hereby is, DENIED.

NOTICE IS HEREBY GIVEN pursuant to Fed. R. Civ. P. 56(f)(1) that unless the Plaintiffs file with the court and serve upon the Defendant on or before April 11, 2016, a

16

pleading responsive to the court's determination that the Defendant is entitled to summary judgment as a matter of law (hereinafter, the "Plaintiff's Response"), summary judgment in favor of the Defendant may be entered without further notice or a hearing.

IT IS FURTHER ORDERED that the Plaintiff's Response, if filed, shall include:

(A) a list of each material fact to which it is contended there is a genuine issue to be tried; and/or

(B) a memorandum of law, and/or a statement otherwise showing cause, as to why summary judgment should not enter in favor of the Defendant in this proceeding.

IT IS FURTHER ORDERED in the event of the timely filing of Plaintiff's Response, the Defendant shall file with the court and serve upon the Defendant on or before April 25, 2016, a reply thereto, following which the matter will be ripe for resolution by the Court.

In San Juan, Puerto Rico this the 18th day of March, 2016.

Brian K. Tester
U.S. Bankruptcy Judge
for the District of Puerto Rico

17