**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 15-02109 BKT |
| | **Chapter 13** |
| **HARRY MORALES HERNANDEZ** | |
| **JOCABED RODRIGUEZ TOSCA** | |
| **Debtor** | |
| **HARRY MORALES HERNANDEZ** | **Adversary No. 15-00162 BKT** |
| **JOCABED RODRIGUEZ TOSCA** | |
| **Plaintiffs** | |
| **vs.** | |
| **BANCO POPULAR DE PUERTO RICO** | |
| **POPULAR MORTGAGE, INC** | |
| **ET ALS** | |
| **Defendants** | **FILED & ENTERED ON 08/15/2016** |

**ORDER**

Before this Court is the *Plaintiffs' Response* filed by Plaintiffs, Harry Morales Hernandez and Jocabed Rodriguez Tosca (collectively "Plaintiffs") [Dkt. No. 47], and the *Motion in Support of BPPR's Opposition to Motion for Summary Judgment* filed by Banco Popular de Puerto Rico ("Defendant") [Dkt. No. 48].

On March 18, 2016, this Court entered its Opinion & Order [Dkt. No. 37] whereby it denied Plaintiffs' request for summary judgment, and expressed that it may be the Defendant who is entitled to judgment as a matter of law. Pursuant to Fed. R. Civ. P. 56(f)(1), notice was

1

given that unless Plaintiffs filed a pleading responsive to the court's determination that the Defendant was entitled to summary judgment as a matter of law (hereinafter, the "Plaintiffs' Response"), summary judgment in favor of the Defendant may be entered without further notice or a hearing. Thereafter, on May 13, 2016, Plaintiff's filed said response

In their Response, Plaintiffs disagree with the Court's conclusion. Citing statutes and case law, Plaintiffs argue that regardless of whether Defendant has a pre-petition interest in Plaintiffs' property, it does not have a perfectly filed mortgage deed, and consequently, does not hold a secured claim against the Plaintiffs. They argue that in order for Defendant to have a secured claim, its deed of mortgage must either be duly registered or be a perfectly filed mortgage deed that fits within the contours of section 546(b). In response to said argument, Defendant filed its *Motion in Support of BPPR's Opposition to Motion for Summary Judgment*. Without citing any statute or case law, Defendant simply argues that Plaintiffs' Response is not supported by law.[1] Without any case law or structured argument against the Plaintiffs' Response, the Court is left with a classic "he said, she said" dispute.

The First Circuit Court of Appeals established two conditions for a grant of summary judgment on the court's initiative:

> Firstly, "a [ ] court ordinarily may order summary judgment on its own initiative only when discovery is sufficiently advanced that the parties have enjoyed a reasonable opportunity to glean the material facts." Secondly, "the court may enter summary judgment *sua sponte* only if it first gives the targeted party appropriate notice and a chance to present its evidence on the essential elements of the claim or defense."

---

[1] The Court is compelled to note the "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones[;] . . . Judges are not expected to be mindreaders." U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990); McDonough v. Donahoe, 673 F.3d 41, 49 n. 14 (1st Cir. 2012) (holding that conclusory and woefully undeveloped arguments are deemed as waived).

In re Roman-Perez, 13-10908 (ESL), 2015 WL 1876851, at *2 (Bankr. D.P.R. Apr. 22, 2015) (citations omitted). In the above captioned case, the first requirement has not been met. It is evident that discovery is not sufficiently advanced that the parties have enjoyed a reasonable opportunity to glean the material facts, and Defendant's *Motion in Support of BPPR's Opposition to Motion for Summary Judgment* has not proven the contrary.

WHEREFORE, IT IS ORDERED that Plaintiff's Motion for Summary Judgment [Dkt. No. 18] shall be, and it hereby is, DENIED.

IT IS FURTHER ORDERED that summary judgment as a matter of law against the Plaintiff is not appropriate.

Clerk to schedule initial scheduling pretrial conference.

In San Juan, Puerto Rico this the 15th day of August, 2016.

Brian K. Tester
U.S. Bankruptcy Judge
for the District of Puerto Rico

3